IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

STEVEN J. HAARSTAD                                                             PLAINTIFF

vs.                              Civil No. 3:08-cv-03001

MICHAEL J. ASTRUE                                              DEFENDANT
Commissioner, Social Security Administration

## **MEMORANDUM OPINION**

Steven Haarstad ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

### **1. Background:**

Plaintiff protectively filed his applications for DIB and SSI on February 24, 2004. (Tr. 55-58). Plaintiff alleged he was disabled due to bipolar disorder, manic depression, knee pain, and back pain. (Tr. 113-114). Plaintiff alleged an onset date of February 22, 2001. (Tr. 114). This

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

application was initially denied on June 4, 2004 and was denied again on reconsideration on March 21, 2005.  (Tr. 38-40, 44-45).

On May 2, 2005, Plaintiff requested an administrative hearing on his applications.  (Tr. 46). This hearing was held on January 19, 2007 in Harrison, Arkansas.  (Tr. 398-427).  Plaintiff was present and was represented by counsel, Frederick Spencer, at this hearing.  *See id.*  Plaintiff, and Plaintiff's spouse, Donna Haarstad testified at this hearing. *See id.*  Vocational Expert ("VE") Tonya Owen answered interrogatories on this matter on January 29, 2007.  (Tr. 148-149).  On the date of this hearing, Plaintiff was thirty-nine (39) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and had an eighth grade education.  *See id.*

On May 4, 2007, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI.  (Tr. 16-30).  In this decision, the ALJ determined Plaintiff had met the insured status requirements of the Act through December 31, 2006.  (Tr. 18, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 30, 2002. (Tr. 18, Finding 2).  The ALJ determined Plaintiff had the following severe impairments: compound fracture of his left distal tibia and fibula with intra-articular extension into his ankle joint, status-post operative, with diffuse osteoporosis; low back pain; mild degenerative disc disease in his cervical spine; left knee sprain and suggested osteopenia; major depression, recurrent; alcohol dependence; and post-concussion syndrome.  (Tr. 18, Finding 3).  The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 22, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC.

(Tr. 23-28). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and found his claimed limitations were not totally credible. (Tr. 22-24). Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and/or carry 20 pounds occasionally and 10 pounds frequently, sit six hours and stand and/or walk six hours. In addition undersigned finds that the claimant can occasionally climb, balance, stoop knell, crouch, crawl and reach overhead. Further, the undersigned finds that the claimant can perform work where interpersonal contact is incidental to the work performed and where the complexity of tasks is learned and performed by rote with few variables and little judgement. Lastly, the undersigned finds that the supervision required is simple, direct, and concrete.

(Tr. 23, Finding 5).

The ALJ then determined Plaintiff would be unable to perform his Past Relevant Work ("PRW") but would be able to perform other work existing in significant numbers in the national economy. (Tr. 28-29, Findings 6, 10). Plaintiff testified at the administrative hearing regarding this issue and the VE answered interrogatories about this issue. (Tr. 148-149, 404). Based upon this testimony, the ALJ determined Plaintiff's PRW included work as a painter and boring machine operator. (Tr. 28). The ALJ determined, considering his RFC, that Plaintiff would be unable to perform this PRW. (Tr. 28, Finding 6).

However, the VE answered interrogatories stating that a hypothetical person with Plaintiff's limitations would be able to perform work as a housekeeper (light, unskilled) with approximately 3,800 such jobs in Arkansas and 409,000 such jobs in the nation, hand packager (light, unskilled) with approximately 2,116 such jobs in Arkansas and 203,000 such jobs in the nation, and mail clerk

3

(light, unskilled) with approximately 468 such jobs in Arkansas and 79,000 such jobs in the nation. (Tr. 148-149). Based upon this, the ALJ determined, considering Plaintiff's age, education, work experience, and RFC, that there were other jobs existing in significant numbers in the national economy that Plaintiff could perform. (Tr. 29, Finding 10). Thereafter, the ALJ determined Plaintiff had not been under a "disability," as defined by the Act, from February 22, 2001 through the date of the ALJ's decision or through May 4, 2007. (Tr. 30, Finding 11).

On July 2, 2007, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 8-12). *See* 20 C.F.R. § 404.968. On November 23, 2007, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 4-6). On January 2, 2008, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on April 8, 2008. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 6,7). This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible

4

to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers

the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ erred by failing to properly evaluate Plaintiff's impairments; (B) the ALJ erred in failing to properly accept the opinions of Plaintiff's treating physician; and (C) the ALJ erred by failing to properly evaluate Plaintiff's subjective complaints of pain. (Doc. No. 6, Pages 8-20). In response, Defendant argues the ALJ properly evaluated Plaintiff's impairments, the ALJ properly evaluated the medical evidence, and the ALJ properly evaluated Plaintiff's subject complaints of pain. (Doc. No. 7, Pages 4-20). This Court will address each of Plaintiff's arguments.

    **A. Impairments**

The Plaintiff argues the ALJ failed to find a medically determinable impairment with regard to Plaintiff's allegations of coronary artery disease, bipolar disorder, anxiety attacks, and reduced grip strength. If an impairment is not medically determinable or is a slight abnormality that causes minimal limitations, the ALJ will find that the claimant does not have a severe impairment, and is not disabled. *See* 20 C.F.R. §§ 404.1524(c), 416. 924(c). Alleged impairments may not be considered severe when they are stabilized by treatment and otherwise unsupported by medical evidence. *See Johnson v. Apfel,* 210 F. 3d 870, 875 (8th Cir. 2000). Substantial evidence supports the ALJ's finding that Plaintiff did not have medically determinable impairments due to coronary artery disease, bipolar disorder, anxiety attacks, and reduced grip strength.

The ALJ found no indication in the medical evidence that Plaintiff had ever been diagnosed with coronary artery disease, bipolar disorder, anxiety disorder, or reduced grip strength. (Tr. 20).

6

On April 26, 2004, Plaintiff was examined for a consultative examination by Dr. K. Lynn Abraham. (Tr. 180-186). During this exam, it was Dr. Abraham's opinion that Plaintiff's cardiovascular systems were normal. (Tr. 181). Further, Plaintiff points to no evidence where a diagnosis of coronary artery disease had been made.

Plaintiff also alleged impairments due to a bipolar disorder and anxiety disorder. Based on the ALJ's review of medical evidence, the ALJ correctly found no evidence that Plaintiff had seen a mental health professional for his allegedly disabling anxiety attacks or that he had required emergency room treatment for an anxiety attack (Tr. 20).

On May 1, 2003, Plaintiff was examined by Dr. Stephen Collins for a psychological evaluation. (Tr. 170-171). During this exam, Dr. Collins indicated that although Plaintiff said he had been diagnosed with bipolar disorder, Dr. Collins was of the opinion Plaintiff's symptoms were more consistent with recurrent depression. (Tr. 170). This evidence supports the ALJ's decision that Plaintiff did not have medically determinable impairments due to bipolar disorder and anxiety attacks. However, the ALJ did find Plaintiff had severe impairments of major recurrent depression and post-concussion syndrome. The ALJ accounted for such mental impairments when he determined Plaintiff was limited to performing work where interpersonal contact is incidental to the work performed; where the complexity of tasks is learned by rote with few variables and little judgment; and where supervision is simple, direct, and concrete. (Tr. 23, Finding 5).

Plaintiff also alleged a medically determinable impairment based on reduced grip strength. During Dr. Abraham's consultative exam of Plaintiff, it was noted Plaintiff's grip strength was 100% normal. (Tr. 184).

Plaintiff also argues he meets or equals Listing 12.02 for organic mental disorders and

7

Listing 1.04 pertaining to disorders of the spine. (Tr. 6, Pg 9). Although he claims to have met these Listings, Plaintiff points to no specific evidence to support this argument. Further, the ALJ met his duty by specifically considering listed impairments relating to musculoskeletal impairments found in section 1.00 and mental disorders found in section 12.00, and correctly found Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 22, Finding 4).

Based on the forgoing, substantial evidence supports the ALJ's decision that Plaintiff did not have medically determinable impairments with regard to his allegations of disability due to coronary artery disease, bipolar disorder, anxiety attacks, and reduced grip strength.

### B. Treating Physician Opinions

Plaintiff argues the ALJ did not properly evaluate the opinion of Dr. Vann Smith who examined the Plaintiff on one occasion on May 5, 2005. (Tr. 279-282). Social Security Regulations and case law state a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)). An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p). An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

In this matter, the ALJ did not give significant weight to the opinions of Dr. Smith and he set forth several reasons in his analysis for doing so. (Tr. 26-28). The ALJ noted, Dr. Smith's report was internally inconsistent, and conflicted with other objective medical evidence and non-medical evidence of record. (Tr. 27). The ALJ found Dr. Smith relied heavily on Plaintiff's subjective reports of his symptoms. (Tr. 27). As pointed out below, the reliability of Plaintiff's subjective complaints of pain are not considered credible.

The ALJ noted Dr. Smith's opinion was internally inconsistent. (Tr. 27). Dr. Smith assessed Plaintiff with a Global Assessment of Functioning (GAF) score of 60, which as the ALJ appropriately noted, demonstrated only moderate symptoms were present or only moderate difficulty in social, occupational, or school functioning. (Tr. 28). *See Quick Reference Guide to the Diagnostic Criteria from DSM-IV*, 47 (4th ed. 1994). Further, the ALJ pointed out a GAF score of 61, which is one point higher than assessed by Dr. Smith, is indicative of only mild symptoms or difficulty in social or occupational functioning. (Tr. 28). These findings are inconsistent with Dr. Smith's assessment that Plaintiff had an inability to meet competitive standards in many areas. (Tr. 28, 285).

**C. Subjective Complaints**

Plaintiff claims the ALJ erred in evaluating his subjective complaints. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

9

*See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints. In his opinion, the ALJ outlined the *Polaski* factors, addressed those factors, and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 22-28). Specifically,

the ALJ noted the following: (1) none of Plaintiff's medical records supported the level of impairment Plaintiff alleged, (2) there were significant gaps in Plaintiff's medical treatment history, (3) Plaintiff's medical records did not support her claimed functional limitations, (4) no treating physician placed any restrictions on Plaintiff, (5) Plaintiff's daily activities limitations could not be verified with any reasonable degree of certainty, and (6) Plaintiff gave inconsistent testimony regarding his daily activities.  These findings are sufficient to satisfy the requirements of *Polaski,* and the ALJ's credibility determination is entitled to deference.  *See Lowe,* 226 F.3d at 971-72 (holding that "[w]here adequately explained and supported, credibility findings are for the ALJ to make").

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 27th day of July, 2009.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE